IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERCURINO FERRARO, an individual and ESTATE OF SALVATORE FERRARO, By and through his Administrator, MERCURINO FERRARO; MERCURINO FERRARO as Guardian Ad-Litem for SAVANAH FERRARO, a minor,

        Plaintiffs,

vs.

STATE OF CALIFORNIA, et al.,

        Defendants.

No. 2:09-cv-1721 GEB JFM (PC)

ORDER

On December 9, 2010, a hearing was held on defendants' motion for judgment on the pleadings. In their moving papers, defendants seek dismissal of the Doe defendants due to the plaintiffs' failure to identify the Doe defendants and move to amend their complaint accordingly.

While there is no specific rule in federal practice against the use of fictitious names when the actual names of parties are unknown, see Wright & Miller, Federal Practice & Procedure, § 3642 "Utilization of John Doe Defendants" citing Craig v. U.S., 413 F.2d 854 (9th Cir. 1969); Johnson v. Udall, 292 F. Supp. 738, 751 (C.D. Cal. 1968), the use of "John Doe" to

1

identify a defendant is not favored. See Wiltsie v. California Department of Corrections, 406 F.2d 515, 518 (9th Cir. 1968). However, the use of "Doe" or fictitiously-named defendants is permissible in federal question cases if the complaint alleges why the defendant's real name was not then known or ascertainable. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390 n.2 (1971); Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). If a plaintiff later discovers the identity of these defendants, then that plaintiff should amend his complaint to name them. A plaintiff may amend his complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). After any defendant has filed an answer or other responsive pleading, however, plaintiff must file a motion requesting leave to amend and submit a proposed amended complaint. Id.

"Authorities clearly support the proposition that John Doe defendants must be identified and served within 120 days of the commencement of the action" against them. Aviles v. Village of Bedford Park, 160 F.R.D. 565, 567 (1995); Fed. R. Civ. P. 4(m) & 15(c)(1); Propriety of Use of Fictitious Name of Defendant in Federal District Court, 139 A.L.R. Fed. 553, 3b (1998). "But if the plaintiff shows good cause for the failure [to identify and serve John Doe defendants within 120 days], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

This action was removed on plaintiffs' first amended complaint on June 22, 2009. Plaintiffs filed their second amended complaint on September 9, 2009. Both complaints stated similar claims against Doe defendants I-L. A scheduling order was issued on September 11, 2009 and, following two modifications, non-expert discovery is scheduled to conclude on or before February 4, 2011. Thus, despite an extensive period of time to ascertain the identities of the Doe defendants, none of the Doe defendants have yet been identified by plaintiffs.

During the December 9, 2010 hearing, counsel for plaintiffs stated the following in response to the defendants' assertion that the Doe defendants should be dismissed:

/////

> [W]e have -- we had propounded some initial discovery with a protective order and the responses we received were objected to, or allow discovery with the names redacted. So we were unable to actually find out who these names were to allow us to amend in a timely fashion.
>
> So we just want the Court to notice that we have attempted to find these names, it's not that we've been just sitting on our hands on that issue, and we understand that is an issue that we have to resolve sooner or later.

(See Doc. No. 43, 12/09/10 Mot. Hr'g Tr., 4:19-25; 5:1-3.)

In light of these representations made by plaintiff's counsel, IT IS HEREBY ORDERED that defendants shall file a statement within seven days of the date of this order informing the court which names they redacted in response to discovery requests and, the reason, or reasons, for the redactions.

DATED: January 3, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;ferr1721.doe

3